Richard A. Lapping (SBN: 107496)
TRODELLA & LAPPING LLP
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 399-1015
Facsimile: (415) 651-9004
Email: Rich@TrodellaLapping.com

Conflicts Counsel for Petitioning Creditor
Professional Financial Investors, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PROFESSIONAL INVESTORS 38, LLC<br><br>Alleged Debtor. | Case No. 21-30082<br>(Joint Administration to be Requested with Case No. 20-30604)<br><br>Chapter 11<br><br>**NOTICE OF INTENT TO CONSENT TO INVOLUNTARY BANKRUPTCY PETITION**<br><br>[No Hearing Required] |

Pursuant to the order attached to this notice as <u>Exhibit A</u>, Professional Financial Investors, Inc. intends to consent to the involuntary bankruptcy petition filed in this case if it is not contested within ten (10) days of its filing and service.

Dated: February 4, 2021            TRODELLA & LAPPING LLP

By: _____
Richard A. Lapping
Conflicts Counsel for Petitioning Creditor
Professional Financial Investors, Inc.

**EXHIBIT A**



Signed and Filed: November 19, 2020

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
J. BARRETT MARUM, Cal. Bar No. 228628
MATT KLINGER, Cal. Bar No. 307362
GIANNA SEGRETTI, Cal. Bar No. 323645
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:        okatz@sheppardmullin.com
              bmarum@sheppardmullin.com
              mklinger@sheppardmullin.com
              gsegretti@sheppardmullin.com

Counsel for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., a California corporation; PROFESSIONAL INVESTORS SECURITY FUND, INC., a California corporation,<br><br>         Debtors. | Case No.    20-30604<br>(Jointly Administered with Case No. 20-30579)<br><br>Chapter 11<br><br>**ORDER APPROVING DEBTORS' MOTION UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 363(b) FOR AUTHORIZATION TO FILE INVOLUNTARY BANKRUPTCY PETITIONS AGAINST CERTAIN RELATED ENTITIES AND CONSENT TO THE ENTRY OF ORDERS FOR RELIEF THEREON**<br><br>Date:  10:00 a.m.<br>Time:  November 19, 2020<br>Judge: Hannah L. Blumenstiel<br>Place: **Telephonic/Video Appearances Only**<br>       450 Golden Gate Avenue<br>       16th Floor, Courtroom 19<br>       San Francisco, CA  94102 |

SMRH:4811-1469-3586.1

The *Debtors' Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to File Involuntary Bankruptcy Petitions Against Certain Related Entities* (the "Motion"), filed on October 29, 2020 as Docket No. 228 by Professional Financial Investors, Inc. ("PFI") and Professional Investors Security Fund, Inc. ("PISF" and, together with PFI, the "Debtors"), the debtors in the above-captioned bankruptcy cases, came before the Court for hearing on November 19, 2020 at 10:00 a.m.. Appearances were as noted on the record. Based upon the Court's review of the Motion, the declarations and other pleadings filed in support of the Motion, the arguments of counsel at the hearing on the Motion, and all pleadings and evidence of record in this case,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED. Capitalized terms not defined in this Order shall have the meanings given to them in the Motion.

2. PFI is authorized, but not required, to file an involuntary bankruptcy petition against any of the Related Entities; however, this Order makes no determination regarding whether any involuntary bankruptcy case that PFI commences pursuant to this Order complies with section 303 of the Bankruptcy Code.

3. PFI is authorized to consent to entry of an order for relief against any of the Related Entities; provided, however, that PFI shall not consent to the entry of such an order against any Related Entity until at least ten (10) days after the filing and service of the involuntary petition against such Related Entity.

4. Concurrently with the filing of any involuntary petition against a Related Entity, PFI shall also file a Notice of Related Cases, as described in Bankruptcy Local Rule 1015-1.

5. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. Nothing in this Order or the Motion is intended to, or does, in any manner whatsoever, waive, limit, impair or restrict the ability of the Ad Hoc Committee of LLC Members, its members, or any individual LLC or TIC investor, to fully protect and

preserve their Rights in these existing bankruptcy cases, future filed bankruptcy cases or otherwise, including, without limitation, with respect to:

    a. the amount, validity, classification and treatment of any claims or interests of the LLC or TIC investors in or against the Debtors and the LLCs, and their respective estates, including all bankruptcy cases of debtors that may be filed in connection with and/or jointly administered with the current bankruptcy cases;

    b. full participation in the bankruptcy cases as authorized by the Bankruptcy Code;

    c. subject to any limitations that may be imposed by the Bankruptcy Code and to the extent not inconsistent with the other provisions of this Order, the ability to take action under, and enforce all rights arising under and provisions in, the operating agreements, management agreements and related documents, including without limitation, all Rights under the applicable documents as to LLC and TIC investors' rights to dismiss or otherwise terminate such bankruptcy case(s), terminate or replace any of the Debtors as property manager, general manager of an LLC and/or as a person responsible for making decisions, managing and/or directing any bankruptcy case on behalf of an LLC debtor;

    d. any asserted mismanagement of the LLCs and their properties, or any one of them, including, without limitation, the right to seek appointment of a trustee or examiner in any of the bankruptcy cases including the LLC bankruptcy cases, or to otherwise seek to convert any Chapter 11 case to a case under Chapter 7;

    e. the issue of substantive consolidation; and nothing in this Order, the Motion or the filing of the LLCs for bankruptcy protection shall be deemed a substantive consolidation of any of the debtors or their estates and/or assets

|   |   |   |
|---|---|---|
| 1 | | and liabilities, except upon further order of this Court after notice and a |
| 2 | | hearing; and |
| 3 | f. | any allocation of costs and expenses sought against any LLC in connection |
| 4 | | with the bankruptcy cases. |

7. The foregoing list of Rights reserved is not intended to be exhaustive, but rather the reservation of rights set forth herein shall be construed as broadly as possible.

8. The Court retains jurisdiction over the matters arising from or related to the interpretation or implementation of this Order.

***END OF ORDER***

| | |
|---|---|
| 1 | **COURT SERVICE LIST** |
| 2 | |
| 3 | None. |

SMRH:4811-1469-3586.1